HEYLIGER *against* THE NEW-YORK FIREMEN INSURANCE
COMPANY.

THIS was an action on a policy of insurance, dated the 8th
*December*, 1810, on 74 hogsheads of sugar, at and from *St.
Croix* to *New-York*, on board the *British* schooner *Success*, *William Forbes*, master. *Markoe* and *Masters*, who caused the insurance to be effected, as agents of the plaintiff, were the consignees
and agents of the owners of the vessel, and of the cargo on board
belonging to the owners, and were also the consignees and
agents of the owners of the residue of the cargo, not belonging
to the owners of the vessel, excepting one barrel of sugar. The
cargo consisted of 17 tierces and 50 barrels of sugar, belonging
to the owners of the vessel, and 74 hogsheads of sugar belonging
to the plaintiff, and 10 barrels of sugar belonging to the master.
The *vessel and freight*, and that part of the *cargo* which belonged to the owners of the vessel, were insured by the *United
Insurance Company of New-York*, the insurance being effected
by *Markoe* and *Masters*, for account of the owners.

The cause was tried at the *New-York* sittings, in *June*, 1813,
before Mr. Justice *Van Ness*.

From the evidence at the trial, it appeared that *Markoe* and
*Masters*, on the 15th *January*, 1810, received information that
the schooner was on shore near *Shrewsbury*, in a very perilous
situation, which was communicated to the defendants and the
other insurers, and it was agreed that immediate measures should
be taken to save the vessel and cargo, if practicable, and in case
the vessel was lost, to bring on the cargo to *New-York*, and that
the measures so taken should be without prejudice to the rights
of either party. The vessel was wrecked and totally lost, excepting a few of her materials, but the cargo was saved and
brought up in lighters to *New-York*, and there delivered, *free of
damage*, to *Markoe* and *Masters*, the consignees, who paid all the
expenses. They called on the defendants to settle the accounts
and pay their proportion of the expenses, as general average;
but the defendants refused to pay any part, insisting that they
were not liable, as the expenses of *lighterage*, and *forwarding*
the cargo to its place of destination, ought to be paid by the
shipowners or their agents, or out of the freight. The freight - -

A vessel insured from *St. Croix* to *New-York*, was stranded, in *January*, 1810, at *Shrewsbury*, on the coast of *New Jersey*, information of which accident being received at *New-York*, lighters and men were, by the agreement and consent of all parties, without prejudice to their respective rights, sent down from *New-York*, to endeavour to save the property. The vessel was wrecked and lost, except a few materials, but the cargo was saved and brought up to *New-York* in the lighters, and delivered to the consignees and owners.

It was held that the expenses of salvage, including the cost of lighters, &c. were general average, and that the insurers on the cargo were bound to pay their proportion of such average.

policy remained uncancelled in the hands of *Markoe* and *Mas-ters*, and they had not settled the freight with the owners of the vessel.

The present suit was brought by the plaintiff, to recover the amount of the *contribution* of the assured, in respect to the sugars insured by the defendants, to the expenses of *salvage, lighterage, &c.* the whole of which the plaintiff insisted were *general average.*

It appeared that the vessel, having been spoken off the *Hook,* and supposed to stand in need of supplies, the wind and weather being unfavourable, a pilot boat, with the consent of the insurers, was sent down in search of her, and to afford assistance in case of necessity.

Two statements of the general average, produced at the trial, marked *A.* and *B.* were exhibited to the court. The account marked *B.* which was that of the plaintiff, and allowed by the court as correct, included the following charges:

| | |
|---|---:|
| Provisions sent down to the people employed in saving property, - - - | $ 44 10 |
| Paid four riggers sent to assist, - - - | 39 |
| Plank to get out cargo, - - - - | 24 87 |
| Cartage 50 cents. Wages of 5 riggers, $99 50 | 100 |
| Hire of 5 lighters employed in saving the property and bringing it to *New-York,* | 578 |
| Captain, paid express to *New-York,* - - | 15 |
| Paid wages of 6 riggers, - - - | 99 |
| Pilot boat employed three days in search of the vessel, | 90 |
| Blocks and yards sent down, - - - | 5 83 |
| Cartage in saving cargo, &c. - - - | 16 90 |
| Carting and labour, - - - | 189 |
| Notary and wardens, - - - | 31 50 |
| | 1,233 20 |
| Commissions, 5 *per cent.* | 61 66 |
| Amount of salvage and expenses, | $1,294 86 |

To contribute to general average;

| | | | | |
|---|---|---|---|---|
| Vessel, materials saved, | $ 369 73 pays | - | - | $ 44 91 |
| Cargo, | - - 9,568 | - | - | 1,162 25 |
| Freight, $1,444 | half 722 | - | - | 87 70 |

$10,659 73      $1,294 86

Cargo's share, $1,162 25 to be paid as follows :

| | | | | |
|---|---|---|---|---|
| C. Walker, sugar and rum, | $1,976 | pays | - | 240 3 |
| J. Heyliger, 74 hhds. sugar, | 7,400 | - | - | 898 90 |
| W. Forbes, 10 bbls. do. | 180 | - | | 21 86 |
| Peter Walker, 1 do. do. | 12 | - | - | 1 46 |

$9,568      $1,162 25

S. Jones, jun. for the defendants. As insurers of goods, the defendants are not responsible for the expense of bringing them to New-York. These expenses are to be paid by the shipowner, or carrier. They were incurred exclusively for his benefit; for unless the goods were delivered at their port of destination, the freight would not be earned. In case of accident to the vessel, which renders her incapable of completing the voyage, it is the duty of the master or owner to provide another vessel to transport the cargo to its destined port.* This was not the case of an extra freight paid on a new contract of hire; it is a continuance of the same freight or carriage for the same voyage.

*1Johns.Rep. 335. 9 Johns. Rep. 17.

The lighters and riggers were sent down by consent of all parties, without prejudice to their rights. The lighters were of no use, except to bring up the cargo, as the vessel could not be got off.

Hoffman, contra, said he did not dispute the principles laid down by the counsel for the defendants; but it was only necessary for the court to understand the facts in this case, to decide in favour of the plaintiff's claim. The pilot boat was sent down to the place of stranding by consent of all parties, owners and insurers of vessel, freight, and cargo. The lighters were afterwards sent, by common consent, and for the common benefit of all concerned. We admit that if these acts had not been done,

ALBANY,
Jan. 1814.

HEYLIGER
v.
N. Y. FIREMEN
INS. Co.

and these expenses incurred, in consequence of the agreement and common consent of all parties, the charge would be exclusively on the cargo; but we contend that it is in consequence of this agreement that these expenses are to be deemed general average, and equally to be borne by the parties interested.

*Jones*, in reply, said that he did not object to the expenses incident to *saving* the property being considered as general average; but he insisted that the expense of lighterage and transportation of the cargo to *New-York*, could not be made a general average. The rights of the parties, in this respect, were not varied by the agreement. Suppose there had been no insurance made, could the plaintiff have been liable for these expenses? If he could not, neither are the defendants liable.

*Again*, one of the *items*, the charge of 90 dollars for the pilot boat, was incurred before the accident happened.

*Per Curiam.* The claim of the plaintiff is just and legal. The expenses were incurred in labouring for the safety and recovery of the cargo from shipwreck, and the general contribution is founded on the most equitable principles. The expenses were incurred for the common benefit. The doctrine of the defendant's counsel is inapplicable. The expense of conveyance, in another vessel or boat, strictly so considered, ought to fall on the shipowner, and not on the shipper of the goods. But this was not that case. The vessel was stranded, and the cargo and vessel in jeopardy, and here was a joint effort and expense for the recovery of both, and the ship was lost, and the cargo only saved. The expense of removing the cargo from the place of the shipwreck to the port of *New-York*, may have been a small *item*, of itself, but it is not separated and stated in the case. As the plaintiff claims only the defendants' proportion of a general average, there is no just ground, on the part of the defendants, for objection to the claim, and he is entitled to the amount as in the account marked (B), being 898 dollars and 90 cents, with interest.

Judgment for the plaintiff.